929 F.2d 694
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Denise Elizabeth BOSWELL, Defendant-Appellant.
 No. 90-5692.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 8, 1991.
Decided March 21, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Chief District Judge. (CR-90-46-G)
 Susan Hayes, Greensboro, argued N.C., for appellant; Cynthia A. Hatfield, HATFIELD & HATFIELD, Greensboro, N.C., on brief. Richard S. Glaser, Jr., Assistant United States Attorney, Greensboro, argued, N.C., for appellee; Robert H. Edmunds, Jr., United States Attorney, Greensboro, N.C., on brief.
 M.D.N.C.
 VACATED and REMANDED.
 Before WIDENER and PHILLIPS, Circuit Judges, and SMITH, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Denise Boswell (Boswell) challenges her sentence for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(A). Because it is unclear whether the district court realized that it had unlimited authority to depart downward from the statutory minimum sentence and the United States Sentencing Commission Guidelines after the government made a substantial assistance motion pursuant to 18 U.S.C. Sec. 3553(e) and U.S.S.G. Sec. 5K1.1, we vacate Boswell's sentence and remand for resentencing.
 
 I.
 
 2
 Boswell pled guilty to a one-count indictment, and the district court sentenced her on July 31, 1990. The district court found Boswell's base offense level to be 26, and her criminal history to be category 1, making the relevant Guidelines range 63 to 78 months. The statutory minimum sentence for the crime to which Boswell pled guilty, however, is 120 months. After considering the government's U.S.S.G. Sec. 5K1.1 motion for substantial assistance, the district court sentenced Boswell to 56 months in jail, 5 years of supervised release, and a $50 special assessment.
 
 
 3
 Boswell was involved in a conspiracy to possess and distribute crack. Her co-conspirators included Michael Reeves, Rebecca Stubblefield, Johnny Ellerbee, and Joseph Charles. At some point in the conspiracy, Boswell helped cook cocaine into crack, although it is unclear how she participated--she either gave the co-conspirators advice on how to cook it or she helped cook it herself. After this, Boswell was simply an observer of her co-conspirators' illegal activity. On this appeal, Boswell challenges only the district court's failure to depart further than it did.
 
 II.
 
 4
 Boswell argues that the district court judge did not realize that his authority to depart from the Guidelines was unlimited after the government had made a substantial assistance motion pursuant to 18 U.S.C. Sec. 3553(e) and U.S.S.G. Sec. 5K1.1. Section 3553(e) provides:
 
 
 5
 Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission....
 
 
 6
 18 U.S.C. Sec. 3553(e). We explained in a recent decision that this provision does not place a lower limit on the court's authority to impose a sentence below the statutory minimum. United States v. Wilson, 896 F.2d 856, 859 (4th Cir.1990). Moreover, the language of Sentencing Guideline Sec. 5K1.1 indicates that there is no limit on the court's authority to depart from the relevant Guidelines range. Id. Section 5K1.1 of the Guidelines provides:
 
 
 7
 [u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines....
 
 
 8
 U.S.S.G. Sec. 5K1.1 (1989). In sum, "the authority of a district court to depart from the Guidelines following a motion by the government under Sec. 3553(e) ... is not limited so that a finite sentence must be imposed, rather probation is authorized." Wilson, 896 F.2d at 860.
 
 
 9
 In Wilson, this Court vacated and remanded the defendant's sentence because it was not clear that the district court judge knew he had the authority to depart an unlimited amount from the Guidelines. Here, Boswell raises the same issue.
 
 
 10
 Boswell cites several passages from the sentencing proceedings to support her point. First, Boswell refers to the trial judge's statement that "She [Boswell] has a total offense level of 26, and I don't know of any circumstances that I could put her on probation." J.A. at 18. Boswell's attorney then suggested that the court consider sentencing Boswell to a halfway house. The trial judge responded, "The guideline at 26 is 63 months to 78 months. How can I put her at a halfway house with those guidelines?" J.A. at 19.
 
 
 11
 At this point, Boswell's attorney referred to Boswell's substantial assistance in the case. Once the discussion of substantial assistance and departure from the Guidelines began, the district court judge asked the prosecutor for his recommendation as to how far he should depart. The prosecutor responded that the lowest he could recommend was 50% off the 120-month statutory minimum, or 60 months (5 years). Boswell's attorney then objected that Boswell's brother, who played a far more significant role in the conspiracy, also received a 5-year sentence, and it was therefore unfair to give Boswell as much as 5 years. This objection led to the second passage that Boswell cites to support her argument, a passage in which the district court judge responded,
 
 
 12
 You'll have to take that up with Congress. Congress put judges in situations that we just look here and look there. If I had discretion in the matter more than I do, I might could do better. But Congress says we let the prosecutor call the shots, and he called them.
 
 
 13
 J.A. at 21-22.
 
 
 14
 Finally, Boswell cites the district court judge's statements at the end of the sentencing proceedings, which he addressed directly to Boswell:
 
 
 15
 You understand that your punishment is determined by Congress and not necessarily by me. The guidelines give the Court an area wherein you should be sentenced. Now, everybody has told me that you weren't as guilty as the other persons, and I'm going to give that some consideration. But yet and still, I'm going to give you a sentence. The people of this district, Ms. Boswell, do not want people like you and others similarly situated in the drug business. Now, the only way we can stop it, if we can stop it at all, is to impose an active sentence. It may not stop the person over there today selling it, but it will stop you. I regret that's the way it is, but I don't have any other choice. Either we're going to have drugs or not have drugs, and my feeling is we should not have them.
 
 
 16
 J.A. at 23-24. Although these statements indicate that the trial judge felt that he "had no choice" in the sentence he imposed because he believes that active sentences are necessary to deter drug crimes, to the extent that his remarks are ambiguous, we must construe them favorably to the defendant. Wilson, 896 F.2d at 859. Here, the district judge's remarks such as "Congress put judges in situations that we just look here and look there. If I had discretion in the matter more than I do, I might could do better" and "[y]ou understand that your punishment is determined by Congress and not necessarily by me" are sufficient to require a remand to determine whether the district judge understood that he could depart an unlimited amount from the Guidelines. As we stated in Wilson:
 
 
 17
 While the remarks of the district court are not altogether clear as to whether or not it thought its discretion as to the amount of departure from the Guidelines sentence was limited, in this criminal case we are bound by the rule of leniency and must construe its remarks favorably to the defendant. That is to say, we consider the remarks of the district court to be a construction by it of the sentencing statutes which would have forbidden such a departure from the Guidelines on its part so as to simply place the defendant on probation.
 
 
 18
 896 F.2d at 858-59. Because it is not entirely clear that the district court realized its unlimited authority to depart from the Guidelines in this case, we vacate Boswell's sentence and remand her case for resentencing consistent with this opinion.
 
 VACATED AND REMANDED